# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TREVVAUN HUNTER,

    Plaintiff,

v.

C/O M. ERVIN, et al.,

    Defendants.

Case No. 1:19-cv-204

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against multiple defendants on March 15, 2019. (Doc. 1). Although the Court dismissed some claims and two individual defendants, Plaintiff's Eighth Amendment excessive force claim was permitted to proceed against two correctional officers, identified as Defendants Michael Ervin and Phillip Lafferty. (Docs. 5, 6, 10). On August 5, 2019, the undersigned denied Plaintiff's motions seeking the appointment of counsel and to file an amended complaint. (Doc. 14).[1] Pursuant to a Calendar Order, discovery was to have been completed on May 15, 2020, with dispositive motions to be filed by July 17, 2020.

Well before the end of discovery,[2] the two Defendants jointly filed a motion seeking

---

[1] The denial of leave to amend was based upon procedural deficiencies including Plaintiff's failure "to attach any amended pleading, and fail[ure] to specify in what way he seeks to amend his complaint other than to reiterate that his original facts, as alleged, are true, as pleaded against Defendants Ervin and Lafferty." (*Id.* at 2). Shortly after the referenced order was filed, Plaintiff filed (without leave of Court) what purports to be an Amended Complaint. (Doc. 15). However, the tendered Amended Complaint does not fully cure the deficiencies noted in the August 5, 2019 Order. In addition, the unauthorized pleading states Plaintiff's desire to "merge[]" the instant case with Case No. 1:19-cv-123, a case previously filed by Plaintiff. In Case No. 1:19-cv-123, the Court denied Plaintiff's nearly identical motion to amend and consolidate because the two cases involve different events and defendants. (*See* Case No. 1:19-cv-123, Docs. 22-23).
[2] The prior Calendar Order remains in effect.

judgment on the pleadings on grounds that Plaintiff's original complaint failed to state any claim against them. After being granted an extension of time in which to respond, Plaintiff recently filed a response in opposition to Defendants' motion. For the following reasons, the undersigned now recommends that Defendants' motion be granted and that this case be dismissed.

## II. Analysis

### A. Standard of Review

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.,* 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

The Sixth Circuit has explained the pleading requirements that are necessary to survive a Rule 12(c) motion as follows:

> In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). In *Erickson v. Pardus,* 550 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly,* however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 2200 (quoting *Twombly,* 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly,* 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008); *see also, generally, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The fact that the undersigned permitted a single Eighth Amendment claim to proceed beyond the screening stage does not preclude the subsequent dismissal of the same claim upon an appropriate motion. It is true that the legal standard of review for failure to state a claim under Rule 12(c) or Rule 12(b)(6) is technically the same as the standard of review for failure to state a claim under 28 U.S.C. §§ 1915(e) or 1915A. *See Hill v. Lappin,* 630 F.3d 468, 470-471 (6th Cir. 2010). However, the frame of reference differs significantly. Screening under 28 U.S.C. § 1915(e) is extremely liberal.

3

The perspective of this Court, as a neutral arbiter examining the complaint on a superficial level without benefit of briefing, differs from that of an opposing party who has an incentive to explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings.  Necessarily constrained by limitations of time and resources in the course of its initial *sua sponte* examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response.

In addition, 28 U.S.C. § 1915(e)(2) expressly permits dismissal *"at any time* if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." *Id.* (emphasis added).  Therefore, the statute itself allows dismissal based upon a subsequent redetermination that no claim has been stated, even if the court's initial inclination was to let the claim proceed.  In the case presented, Defendants' well-reasoned motion persuades the undersigned that they are entitled to dismissal based upon Plaintiff's failure to state any claim against them.

**B.  The Allegations Against Defendants Ervin and Lafferty**

Plaintiff's original complaint reads as follows:

C/O M. Ervin – C/O Lafferty, on 06-12-18 used excessive force on me.  I was placed in the shower to take a shower I was left in the shower for over 2/hrs with the hot water running at that time, so as I tried to get out I was left in the shower I even noticed a nurse when she walk passed in had to tell her I need help in mental health cause I was feeling lightheaded from been in the shower for over a hr, which she did nothing I even told them that I am suicidal which was [ignored].  So after hours of been left in the shower, I was then removed from the shower, which at that time I was very lightheaded so I ended up falling out for a few second, well into I was woke up to excessive force been used on me with the C/O's bending in twisting my arms on wrist which once I was placed in the K-2 buildin[g] I was throw against the wall w[h]ere other C/O's came up in used force on me also which lead to my finger been re-broke then a false report was wrote up on me.  I

4

>pose no threat to anyone and medical should been called to help me which they did not do. In all this took place in K-2 1-20 rang[e] in the bullpen.

(Doc. 1 at PageID at 5). Plaintiff seeks monetary damages as well as for unidentified correctional officers to "account[] for" their actions and "to be removed from ODRC prisons…." (*Id.* at PageID 6). The undersigned initially held that Plaintiff's excessive force claim could proceed against Defendants Ervin and Lafferty, but dismissed two other Defendants as well as other claims. (Doc. 6).

### 1. Plaintiffs' Limited Allegations Against the Defendants

In their motion for judgment on the pleadings, Defendants now argue that Plaintiff's allegations insufficiently allege that either of the Defendants did anything at all, because the complaint does not specifically identify which correctional officers allegedly bent and twisted his arms and wrist while assisting him back to his feet after Plaintiff exited the shower. In addition, Defendants point out that the complaint clearly alleges that "other" officers used excessive force after Plaintiff reached the bullpen. "To state a claim against a defendant in his individual capacity, plaintiff must allege personal involvement of the defendant in causing plaintiff's injury." *Dotson v. Wilkinson*, 477 F. Supp. 838, 847 (citing Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992)).

In his opposition to dismissal, Plaintiff asserts that he has sufficiently alleged that Defendants Ervin and Lafferty "bent" his arms and wrist "to forcefully set me up off the groun[d]" after Plaintiff became lightheaded when he left the shower. He argues that the bending of his arms or wrist violated the Eighth Amendment because he should not have been picked up and escorted until he first had been "check[ed] by medical staff." (Doc. 34). Plaintiff maintains that if the Defendants had followed (unspecified) prison policies

5

and called medical staff to examine him after he became dizzy, prior to escorting him to the bullpen, the later injury would not have occurred.  In reference to his subsequent injury, Plaintiff reiterates that after he reached the bullpen, he "had excessive force used on me to w[h]ere my [finger] got re-broke." (*Id.* at PageID 136).

Based upon the standard of review, Plaintiff's complaint is reasonably construed as alleging that the two Defendants were the officers who bent his arms and/or wrist when they helped him to his feet after his exit from the shower.  However, the undersigned finds nothing in Plaintiff's complaint that reasonably could be construed as alleging unconstitutional conduct by the two Defendants beyond that initial action.   Instead, the complaint very clearly alleges that "other" correctional officers "used force on me…which led to my finger being re-broke" after Plaintiff reached the bullpen.  (*Id.* at PageID 5). Plaintiff's does not dispute that conclusion in his opposition to the Defendants' motion. Thus, the only factual allegations that pertain to the two Defendants concern their actions immediately upon Plaintiff's exit from the shower, when Plaintiff alleges he became dizzy and lightheaded for a few seconds.

### 2. Plaintiff's Allegations Fail to State an Eighth Amendment Claim Against Defendants Ervin and Lafferty

In order to make out a claim of excessive force that violates the Eighth Amendment, an inmate must allege conduct that would satisfy both an objective and a subjective component of such a claim.  "The objective component requires the pain inflicted to be 'sufficiently serious,'" while "[t]he subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296 (1991) and *Hudson v. McMillian*, 503

6

U.S. 1, 6 (1992)).  Here, Plaintiff's allegations are insufficient to state a claim of excessive force under the Eighth Amendment, because grabbing a momentarily dizzy inmate's arms or wrists to help him stand up at the time he exited from the shower was not objectively unreasonable, and none of Plaintiff's allegations suggest that the Defendants acted "maliciously and sadistically for the very purpose of causing harm." *Id.*, 631 F.3d at 383 (quoting *Hudson v. McMillian*, 503 U.S. at 6 (internal quotation marks omitted)).

In reviewing the subjective component of an Eighth Amendment claim, a court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the official; and the extent of the injury inflicted. *Hudson*, 503 U.S. at 7; *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078 (1986).  Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential in its review of the necessity of force.  *See Whitley,* 475 U.S. at 321-22.  The Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force," so long as the use of force is not the type of force that would be "'repugnant to the conscience of mankind.'"  *Hudson,* 503 U.S. at 9-10 (quoting *Whitley*, 475 US. at 327) (additional internal quotations omitted).  Here, the facts alleged by Plaintiff do not reasonably suggest any malevolent intent. *See also, McDougald v. Erdos*, 2019 WL 2388400 (S.D. Ohio May 25, 2018) (holding that allegations that plaintiff's arms, wrists, and fingers were "bent excessively" while forcibly escorted against his will was insufficient as a matter of law to state Eighth Amendment claim).

The second part of an Eighth Amendment claim – the objective component - requires that the "pain inflicted to be 'sufficiently serious'" to offend "contemporary

7

standards of decency." *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and *Hudson*, 503 U.S. at 8). As the Supreme Court has explained, not every "malevolent touch" by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1031 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The Supreme Court has further explained that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38 (additional internal quotation marks and citation omitted).

To summarize, the Eighth Amendment prohibits only the deliberate use of force by a prison official that is "excessive and unjustified." *Cornwell v. Dahlberg*, 963 F.2d 912, 915 (6th Cir. 1992) (internal quotation marks and citation omitted). By contrast, "the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish v. Johnson*, 800 F.2d at 604. Here, even construed liberally, Plaintiff's allegations suggest no more than that Defendants acted in a manner akin to a "push or shove" while reactively assisting Plaintiff to his feet so that he could resume walking during an escort from the shower to the bullpen. Plaintiff does not allege he suffered any injury during the action of being assisted, notwithstanding his suggestion that they "bent" his arms and wrist more than necessary and/or without first consulting medical staff when they helped him to his feet. In short, the lack of any discernable injury and the context of the allegations defies any reasonable inference that Plaintiff could show either the subjective or objective component of an Eighth Amendment claim. Thus, a re-examination of Plaintiff's allegations confirms that Defendants are

8

entitled to judgment on the pleadings. *See Johnson v. Jones*, 2019 WL 340108 at **5-6 (S.D. Ohio Jan 28, 2019) (granting motion to dismiss where plaintiff alleged only that defendant caused pain when he "yanked" plaintiff's hand and bent and twisted plaintiff's wrists during handcuffing).

In response to Defendants' motion, Plaintiff argues that, in addition to their actions in bending his arms, the fact that Plaintiff was left in a hot shower for approximately two hours violates the Eighth Amendment. (Doc. 34 at PageID 136). However, Plaintiff's complaint does not include any allegations that either of the *Defendants* played any part in leaving him in the shower – much less that they were aware of Plaintiff's alleged discomfort over the two-hour period or had any subjective intent to harm him. Even if Plaintiff more clearly had alleged that the Defendants were responsible for his prolonged shower, he still does not allege that he suffered any injury from that event other than feeling dizzy and lightheaded for a few seconds upon his exit. Thus, the undersigned again concludes that Plaintiff's allegations are insufficient to state an Eighth Amendment claim.

### 3. Failure to Allege Physical Injury Attributable to Defendants

The Prison Litigation Reform Act states that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Defendants cite to a Ninth Circuit case to suggest that the absence of more than a "de minimis" physical injury bars *all* claims under this provision of the PLRA. To the extent that Plaintiff seeks to recover damages against the two Defendants solely for an emotional distress claim, the Defendants may be entitled to judgment on the pleadings.

9

And the absence of any physical injury contributes to the undersigned's recommendation that the Court grant judgment on the pleadings on the Eighth Amendment claim. However, the Sixth Circuit has soundly rejected Defendants' broader argument that <u>all</u> prisoner claims are barred in the absence of a physical injury. *See King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015) (holding that § 1997e(e) does not preclude constitutional claims, distinct from any mental or emotional injury, that do not result in physical injury).

### 4. **Both Defendants Are Entitled to Qualified Immunity**

Consistent with being entitled to judgment on the pleadings based upon the failure of Plaintiff to state an Eighth Amendment claim, the Defendants are entitled to qualified immunity in their individual capacities. The purpose of qualified immunity is to provide governmental officials with the ability "reasonably to anticipate when their conduct may give rise to liability for damages." *See Anderson v. Creighton*, 483 U.S. 635, 646 (1987)(internal quotation omitted). Thus, a governmental official performing discretionary functions will be entitled to qualified immunity unless his actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808 (2009). In the unlikely event that a reviewing court were to find that Plaintiff has stated an Eighth Amendment claim, the undersigned alternatively concludes that no reasonable correctional officer would have foreseen that the action of grabbing Plaintiff's arms in the context alleged by Plaintiff here would violate the Eighth Amendment. "Unless the plaintiff's allegations state a claim

10

of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

### 5. Plaintiff's Claim for Monetary Damages Against Defendants in their Official Capacities is Barred by the Eleventh Amendment

Last, any claims against Defendant in their official capacities for monetary damages are barred by the doctrine of sovereign immunity under the Eleventh Amendment. Plaintiff does not identify which capacity he is suing the Defendants. "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citing *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992) and *Wells v. Brown,* 891 F.2d 591, 592-94 (6th Cir. 1989)). A suit against a correctional officer in his official capacity is a suit against the State of Ohio. *Id.* The State of Ohio has not waived its immunity in the federal courts. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Absent an expressed waiver, the Eleventh Amendment bars suit against a state or one of its agencies or departments in federal court regardless of the nature of the relief sought. *See Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984).

### III. Conclusion and Recommendation

For the reasons discussed, IT IS RECOMMENDED THAT Defendants' motion for judgment on the pleadings (Doc. 29) be GRANTED and that this case be dismissed.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TREVVAUN HUNTER,

    Plaintiff,

v.

C/O M. ERVIN, et al.,

    Defendants.

Case No. 1:19-cv-204

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).